IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VALENCIA HOLLEY, | ) | CASE NO. 1:14-CV-1397 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KENNETH S. McHARGH |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule 72.2(b). The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Valencia Holley's ("Plaintiff" or "Holley") applications for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*., and for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Magistrate Judge recommends that the decision of the Commissioner be AFFIRMED.

**I. PROCEDURAL HISTORY**

Plaintiff filed applications for Disability Insurance benefits and Supplemental Security Income benefits in July 2013. (Tr. 14, 196, 202). Holley alleged she became disabled on November 29, 2011, due to spinal surgery, high blood pressure, hypertension, nerve damage, depression, headaches, and obesity. (Tr. 196, 202, 239). The Social Security Administration

1

denied Plaintiff's applications on initial review and upon reconsideration. (Tr. 121, 130, 139, 146).

At Holley's request, administrative law judge ("ALJ") Pamela Loesel convened an administrative hearing on January 9, 2014, to evaluate her applications. (Tr. 30-71). Plaintiff, represented by counsel, appeared and testified before the ALJ. (*Id*). A vocational expert ("VE"), Ted Macy, also appeared and testified. (*Id.*). On the date of her hearing before the ALJ, Holley was 50-years-old. (Tr. 37). Accordingly, she was considered a "person closely approaching advanced age" for Social Security purposes. *See* 20 C.F.R. §§ 404.1563(d), 416.963(d). Holley had past relevant work as a caregiver or home health aide. (Tr. 63).

On February 4, 2014, the ALJ issued a decision finding Plaintiff was not disabled. (Tr. 14-24). After applying the five-step sequential analysis,[1] the ALJ determined Plaintiff retained the ability to perform work existing in significant numbers in the national economy. (*Id*.).

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity–i.e., working for profit–she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

Subsequently, Plaintiff requested review of the ALJ's decision from the Appeals Council. (Tr. 8). The Appeals Council denied her request for review, making the ALJ's February 4, 2014, determination the final decision of the Commissioner. (Tr. 3, 11). Holley now seeks judicial review of the ALJ's final decision pursuant to [42 U.S.C. §§ 405(g) and 1383(c)](42 U.S.C. §§ 405(g) and 1383(c)).

## II. SUMMARY OF THE ALJ'S DECISION

The ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017, for Medicare benefits.

2. The claimant has not engaged in substantial gainful activity since November 29, 2011, the alleged onset date.

3. The claimant has the following severe impairments: cervical degenerative disc disease, lumbago, right knee, foot, elbow, and shoulder sprain/strain, carpal tunnel syndrome of the right wrist, depression, and an anxiety disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, meaning the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit for six hours in an eight hour workday and can stand and walk for six hours in an eight hour workday as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she is unlimited in pushing and pulling other than shown for lifting and/or carrying. She can occasionally climb ramps and stairs. She can never climb ladders, ropes, and scaffolds. She can frequently balance, kneel, crouch, and crawl. She can occasionally stoop. She can use her right hand for occasional handling and fingering and occasionally use her right arm for overhead reaching. She can attend to tasks in an environment that does not contain frequent interruptions and does not require prioritizing of tasks. She can interact with coworkers and supervisors on a superficial basis (meaning of a short duration for a specific purpose). Contact with the general public should be kept to an occasional basis. She can work in a job where changes are infrequent and can be introduced gradually, and can be explained. She needs to be able to shift position every 30 minutes but can continue to work during position changes. She requires the use of a cane for ambulation.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on October 15, 1963, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age.

8. The claimant has at least a high school education and is able to communicate in English.

. . .

10. Considering the claimant's age, education, work experience, and residual functional capacity there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 29, 2011, through the date of this decision.

(Tr. 16-24) (internal citations omitted).

### III. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 F. App'x. 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535

(6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). However, it may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V. ANALYSIS

Plaintiff's assignment of error focuses on whether the VE's testimony at the administrative hearing serves as substantial evidence in support of the ALJ's disability determination. She asserts that the requirements of the jobs the VE named exceed her abilities as set forth in the residual functional capacity ("RFC") finding. More specifically, Holley asserts that the jobs identified by the VE require her to perform light work with *frequent* hand use, while the RFC limited her to *occasional* handling and fingering with the right hand, *occasional* use of the right arm for overhead reaching, and using a cane to ambulate. Plaintiff concedes that the RFC accurately describes her physical limitations.

At the final step of the disability analysis, the ALJ must decide whether, in light of the claimant's RFC, age, education, and past work experience, the claimant can make an adjustment to other work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At this juncture, the burden shifts to

5

the Commissioner to prove the existence of a significant number of jobs in the national economy that a person with the claimant's limitations could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). To meet this burden, there must be a finding supported by substantial evidence that the claimant has the vocational qualifications to perform specific jobs. *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 799 (6th Cir. 2004) (*quoting Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). Substantial evidence may be produced through reliance on the testimony of a VE in response to a hypothetical question, where the question accurately portrays the claimant's individual impairments. *Workman*, 105 F. App'x at 799 (*quoting Varley*, 820 F.2d at 779).

When engaging in this analysis, the Commissioner will take administrative notice of "reliable job information" from various publications, including the Dictionary of Occupational Titles ("DOT"). 20 C.F.R. §§ 404.1566(d), 416.966(d). Even so, the Sixth Circuit has made clear that "neither the testimony of a vocational expert nor the occupational descriptions in the [DOT] necessarily trumps the other." *Leford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. 2008). The ALJ and the VE are not bound by the DOT in making disability determinations because the regulations do not require them to rely on the DOT's classification. *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003).

In relevant part, the RFC provides that Holley was capable of performing a modified range of "light work," could use her right hand for *occasional* handling and fingering, could *occasionally* use right arm for overhead reaching, and required the use of a cane *for ambulation*. (Tr. 19). The ALJ did not specify which hand Plaintiff would hold her cane in. Plaintiff does not now point to evidence establishing which hand is appropriate. Nevertheless, at Plaintiff's hearing, the VE testified that a hypothetical individual with Plaintiff's RFC—including

Plaintiff's handling, fingering, reaching, and cane restrictions (regardless of which hand was used to hold the cane)—could perform work as a wireworker, electronics worker, and assembly press operator. (Tr. 63-66). Each of these three occupations is classified as "light work" and requires frequent reaching, handling, and fingering, where "frequent" is defined as one-third to two-thirds of the workday.[2]

The crux of Holley's argument is that the VE and the ALJ failed to consider the impact that her need to use a cane for standing or walking would have on her ability to perform the reaching, handling, and fingering required of the named light work occupations. Given the frequency with which light work requires workers to be on their feet,[3] she essentially alleges that she could not hold her cane while standing or walking and also perform the required amount of reaching, handling, or fingering.

Significantly, the VE testified that Plaintiff could perform the three occupations identified despite requiring a cane, as long as she used the cane for ambulation only and was able to set the cane down when she was not ambulating. (Tr. 66). This portion of the VE's testimony indicates that the VE must have considered the impact of the cane requirement on Holley's ability to use her arms and hands. The VE concluded that Plaintiff could perform the requirements of the jobs named, even though she needed a cane, as long as her hands were free when she was not ambulating. (*Id.*).

The RFC provides that Plaintiff would need a cane only when "ambulating." (Tr. 19). The regulations define the ability to ambulate effectively as "the ability to walk." 20 C.F.R. Part

---

[2] Wireworker (DOT 728.684-022), 1991 WL 679684 (2008); Electronics worker (DOT 726.687-010), 1991 WL 679633 (2008); Assembly-press operator (DOT 690.685-014), 1991 WL 678500 (2008).

[3] The regulations state that "a job is in [the category of light work] when it requires a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b), 416.967(b). Social Security Ruling 83-10 explains: "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." S.S.R. 83-10, 1983 WL 3215, at *6 (1983).

404, Subpart P, Appendix 1, § 1.00B2b.  The RFC does not state that Holley needs a cane while standing.  At this juncture, Plaintiff does not contest the formulation of the RFC nor does she point to evidence that would show she required a cane when standing.  Thus, the RFC affords that Plaintiff would use a cane only when walking and that at all other times, she would have her hands and arms free to perform tasks.  Plaintiff's ability to use her left hand was not limited in such a way that she could not perform the frequent reaching, handling, and finger requirements of the jobs at issue.  Accordingly, the VE's testimony serves as credible evidence that there were a significant number of jobs that Holley could perform, despite the limitations assigned to her in the RFC.

Moreover, under the circumstances of this case, the ALJ was entitled to rely on the VE's testimony in support of the step five finding. Social Security Ruling 00-4p provides that an ALJ must elicit a reasonable explanation from a VE when there is an *apparent* conflict between the VE's testimony and the DOT:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT.  When there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.  At the hearing level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

S.S.R. 00-4p, 2000 WL 1898704, at *2 (2000).  When an adjudicator asks the VE whether there is a conflict between the VE's testimony and the DOT, and the VE credibly testifies that there is no conflict, the adjudicator may rely on the VE's testimony. *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 601 (6th Cir. 2009); *see also Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 858 (6th Cir. 2010) ("[E]ven if a conflict existed, the ALJ inquired properly if the VE's testimony was

consistent with the DOT and was given a response in the affirmative. Therefore, the ALJ met her obligation under SSR 00-4p and there was no error relying on the positions the VE offered.").

The ALJ is not under an obligation to investigate the accuracy of the VE's testimony, beyond the inquiry mandated by Social Security Regulation 00-4p. *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009). The obligation falls to the claimant's counsel, who has the opportunity to cross-examine the VE and bring out any conflicts with the DOT. *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009). "The fact that the plaintiff's counsel did not do so is not grounds for relief." *Id.*; *see also Donahue v. Barnhart*, 446 F.3d 411, 446 (7th Cir. 2002) ("The ruling requires an explanation only if the discrepancy was 'identified'—that is, if the claimant (or the ALJ on his behalf) noticed the conflict and asked for substantiation. Raising a discrepancy only after the hearing, as Donahue's lawyer did, is too late."). *But see Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008) (explaining that apparent conflicts include those that were so obvious during the VE's testimony that the ALJ should have noticed them and elicited reasonable explanations.").

Here, Plaintiff's counsel did not ask the VE whether Plaintiff's right hand limitations or cane requirement conflicted with the demands of the occupations the VE named. (Tr. 70). Though afforded the opportunity to do so at the hearing, Holley's attorney did not identify any of the alleged, specific discrepancies between the VE's testimony and the DOT that she now raises before the Court. (*Id.*). During the administrative hearing, the ALJ did, however, expressly inquire as to whether the VE's testimony conflicted with the DOT after posing the controlling hypothetical question. (Tr. 69). The VE credibly answered that there were no discrepancies. (*Id.*). Additionally, earlier in the hearing, the VE, on his own accord, stated that his testimony was consistent with the DOT. (Tr. 65).

Thus, the ALJ had no reason to believe that, in the DOT, the jobs the VE named required handling, reaching, and fingering such that Plaintiff could not perform them, given the restrictions in the RFC. Plaintiff does not adequately demonstrate how the alleged, and rather complexly layered, discrepancies she identifies now were "apparent" at the hearing such that the ALJ should have noticed, inquired about, and resolved them. Additionally, as previously discussed herein, the VE's testimony indicates that the VE considered how Plaintiff's need to use a cane while ambulating impacted her ability to perform the requisites of the named occupations.

Thus, there is no basis to conclude that the VE's testimony does not serve as substantial evidence in support of the disability determination. Holley's arguments lack merit and remand would be inappropriate.

## VI. DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence. Accordingly, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: May 21, 2015.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. See *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).